BYRNES, Judge.
This case arises out of a contractual dispute between a general contractor (Moore Construction Inc.) and its electrical subcontractor (Star Electrical Contractors). The general contractor sued the sub-contractor for damages arising from an alleged breach of contract in the amount of $5,072.72. The defendant sub-contractor subsequently reconvened for approximately $6,000.00 allegedly owed him by the contractor. The trial court dismissed both the original demand and the re-conventional demand. This appeal has been instituted on behalf of the contractor only. The sub-contractor has not appealed the dismissal of his re-conventional demand. That dismissal is now final.
Although the trial judge did not render written reasons for judgment, he apparently found that neither side carried the requesite burden of proof necessary to substantiate their respective claims. In a case such as this great weight must be given to the fact finder’s decision regarding conflicting and contradictory testimony. We are not in a position to substitute our judgment for that of the trial judge when his findings are supported by the record at hand and are not manifestly erroneous. Arceneaux v. Dominque, 365 So.2d 1330 (La.1979).
The transcript presented to this court consists mainly of self serving and contradictory testimony by both parties. We are presented with oral contracts, accusations of unworkmanlike performances *734 and damages arising therefrom. Nevertheless we are of the opinion that there was an agreement between the parties. It is also clear that some of the work performed pursuant to this agreement was, to some extent, unsatisfactory. It is not clear, however, who is at fault for these deficiencies. The evidence before us indicates that numerous factors came into play which were outside the control of the parties, such as the vandalism. Like the trial judge, we can come to no definitive conclusions regarding the true intentions of the parties, as these intentions were evidenced by oral contracts and the conflicting testimony of the parties. In the absence of any further concrete evidence, we must defer to the trial judge. He obviously based his decision not only on the evidence presented to him at court but also on the demeanor and conduct of the respective parties. When reviewing a record such as this, absent any clear abuse of discretion by the trial judge, we must abide by his decision.
For these reasons the findings of the trial court are hereby sustained and the ruling appealed from is hereby affirmed.
All cost of this appeal are to borne by the appellant.
AFFIRMED.